IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN HUEY DAVIS,                                 No. CIV S-10-1530-CMK-P

        Petitioner,

  vs.                                             <u>FINDINGS AND RECOMMENDATIONS</u>

MATTHEW CATE[1],

        Respondent.

                               /

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's unopposed motion to dismiss the petition on the grounds that it is unexhausted (Doc. 15).

      **I.**       **MOTION TO DISMISS**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

---

[1] Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation is hereby substituted as the proper respondent. The Clerk of the Court will be directed to update the docket accordingly.

1

Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, respondent argues that the claims raised in petitioner's federal habeas petition are unexhausted as petitioner failed to raise the claims in his petition for review filed with the California Supreme Court.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the

state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

In the instant case, respondent argues none of petitioner's four claims raised in the current petition were raised in the California Supreme Court. Specifically, respondent contends that petitioner did not file any petitions for writ of habeas corpus in the California Supreme Court, only a petition for review on direct appeal. The petition for review raised only one claim, challenging the trial court's denial of his motion to strike the prior conviction and failure to consider the preliminary hearing transcript in that decision. Here, petitioner does not challenge the denial of his motion to strike. Rather, he challenges the sufficiency of the evidence supporting the prior conviction, the use of inadmissible hearsay evidence, the prosecutor's use of evidence from outside the record of his prior conviction, and the trial court's failure to hold a

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

restitution hearing. As petitioner has not filed an opposition to the motion to dismiss, it appears he concedes that his petition is unexhausted. He does not provide any argument that the court could somehow read his petition for review so broadly as to incorporate any of his current claims. Thus, the petition filed in this action is unexhausted, and should be dismissed.

**II.  CONCLUSION**

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 15) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE